## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                                **Crim No.: 08-30129-DRH**

**DEVON STEWARTS**

      **Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### A. Order for Detention

On August 14, 2008, after conducting a de novo detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court **GRANTS** the Government's motion for revocation of Magistrate's Order granting pretrial release (Doc. 4) and **ORDERS** Stewarts detained pursuant to 18 U.S.C. § 3142(e) and (i).

### B. Statement of Reasons for the Detention

The Court orders the defendant's detention because it finds:

__ By a preponderance of the evidence that no condition or combination of conditions will will reasonably assure the appearance of the defendant as required.

X_ By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

### C. Findings of Fact

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

X_ 1. Nature and circumstances of the offense charged:

    X_ a. The crime:

        **Count 1:**
             **Conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § § 841(a)(1) and 846.**

**Penalty:**
    **Mandatory minimum of 5 years imprisonment to 40 years imprisonment; a fine up to $2 million; and 4 years mandatory supervised release.**

**Count 2:**
    **Distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(B)(ii), and 18 U.S.C. § 2.**

**Penalty:**
    **5 to 40 years imprisonment; a fine of up to $2 million; and 4 years mandatory supervised release.**


___ b. The offense is a crime of violence.
___ c. The offense involves a narcotic drug.
_X_ d. The offense involves a large amount of controlled substances, to wit:

_X_ 2. The weight of the evidence against the defendant is high.
_X_ 3. The history and characteristics of the defendant including:
    a. General Factors:
        ___ The defendant appears to have a mental condition which may affect whether the defendant will appear.
        _X_ The defendant has no family ties in the area.
        _X_ The defendant has no steady employment.
        _X_ The defendant has no substantial financial resources.
        _X_ The defendant is not a long-time resident of the community.
        _X_ The defendant does not have any significant community ties.
                        The defendant has substantial criminal
        _X_ Past conduct of the defendant: history including six failures to appear
            for the purpose of paying traffic fines which demonstrate a knowing
            disrespect for the court system.
        ___ The defendant has a history relating to drug abuse
        ___ The defendant has a history relating to alcohol abuse.
        _X_ The defendant has a significant prior criminal record.
        _X_ The defendant has a prior record of failure to appear at court proceedings.
    b. Whether the defendant was on probation, parole, or release by a court:
        At the time of the current arrest, the defendant was on:
        ___ Probation
        ___ Parole
        ___ Release pending trial, sentence, appeal or completion of sentence.
    c. Other Factors:
        ___ The defendant is an illegal alien and is subject to deportation.

      __ The defendant is a legal alien and will be subject to deportation if convicted.
      __ Other: _____

_____

X 4. The nature and seriousness of the danger by the defendant's release are as follows:
The defendant has multiple names and aliases with two id cards including a drivers
license in a fictitious name, by his admission. The defendant, at the time of his arrest,
possessed 10 firearms, 6 loaded, 1 illegal by its nature and 1 stolen. There was a
narcotic (ecstacy) in his possession as well. The defendant was, perhaps, lulled into a
false sense of omission by the passage of time from a law enforcement interview in
2006 and the recent indictment which may explain his absence of flight in the interim.

X 5. <u>Rebuttable Presumptions</u>
In determining that the defendant should be detained, the Court also relied on the
following rebuttable presumption(s) contained in **18 U.S.C. 3142(e)** which the Court
finds the defendant has not rebutted:

    __ a. That no condition or combination of conditions will reasonably assure the
appearance of the defendant as required and the safety of any other person and
the community because the Court finds that the crime involves:

        __ 1. A crime of violence; or
        __ 2. An offense for which the maximum penalty is life imprisonment death; or
        X 3. A controlled substance violation which has a maximum penalty of 10
            years or more; or
        __ 4. A felony after the defendant had been convicted of two or more prior
            offenses described in (1) through (3) above, (or the state or local
            equivalent), or any combination of such offense;

      <u>and</u> the defendant has a prior conviction for one of the crimes described in (1)
through (3) above, and said conviction, or the release from imprisonment
therefor, is less than five years old and was committed while the defendant was
on pretrial release.

    X b. That no condition or combination of conditions will reasonably assure the
appearance of the defendant as required and the safety of the community
because the Court finds that there is probable cause to believe:

        X 1. That the defendant has committed a controlled substance violation which
            has a maximum penalty of 10 years or more.
        __ 2. That the defendant has committed an offense under **18 U.S.C. §924©**
            (uses or carries a firearm during and in relation to any crime of violence,
            including a crime of violence which provides for an enhanced
            punishment if committed by the use of a deadly or dangerous weapon or
            device).

The Court, in finding that there are no conditions or combination of conditions which reasonably
will assure the defendant's appearance and the safety of any other person and the community, has
considered and rejected alternatives. Among the alternatives considered, the Court has rejected
house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the
gravity of the offense and the substantial penalties which may possibly be imposed.

**D. Additional Directives**

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

> The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
>
> The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.
>
> IT IS SO ORDERED.

**DATED: August 14, 2008**

/s/      David R Herndon

**Chief Judge**
**United States District Court**