IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVON STEWARTS,

Defendant.                                              No. 08-30129-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court are three motions filed by *pro se* by Defendant Stewarts. Defendant has filed a motion to withdraw counsel of record and proceed pro se (Doc. 62), a motion to proceed *in forma pauperis* (Doc. 63), and a motion to receive sentencing memorandum, plea agreement, and sentencing transcripts (Doc. 64).

Once a district court enters final judgment, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. **See Carlisle v. United States, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33**

motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Stewarts does not cite any case law or statute which allows the Court to consider this motion. Stewarts seeks to withdraw his current attorney and proceed *pro se*. He has also asked to be granted *in forma pauperis* status. **Rule 35** is inapplicable because this motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because Defendant is not trying to seek a new trial. Therefore, the only other possible procedural avenue that Stewarts could bring this motion is a **§ 2255** collateral attack and he does not appear to be currently seeking relief in a **§ 2255** collateral attack.[1] Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of **§ 2255**. *See Romandine v. United States*, **206 F.3d 371 (7th Cir. 2000)**. After reviewing the pleading, it is not clear to the Court that Stewarts intends to pursue a collateral attack. Because the Court finds that Stewarts' motions do not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.s  Therefore, the Court

---

[1] The Court notes that Stewarts mention regarding transcripts (Doc. 64) mentions the possibility of a future habeas petition, but it is not clear to the Court that Stewarts intends to pursue a collateral attack through this motion. In the event that Stewarts wishes to file a collateral attack, the Court advises Stewart to consult **28 U.S.C. § 2255**, the **FEDERAL RULES OF CRIMINAL PROCEDURE**, and the Court's Local Rules on how to properly file such a petition.

**DENIES** Stewarts' motion to withdraw counsel of record and proceed pro se (Doc. 62) and motion to proceed *in forma pauperis* (Doc. 63).

Further, Stewarts has filed a motion requesting transcripts, sentencing memorandum, and plea agreement. Defendant states that he needs these documents so that he may pursue a collateral attack in the future. At this time, however, judgment has been entered in Defendant's case and currently there are no pending appeals; therefore, the transcripts are not necessary for either an effective defense or appeal. **See Britt v. North Carolina, 404 U.S. 226, 227 (1971)**. Further, Defendant has not yet filed a § 2255 action.[2] As to the other documents that Stewarts requests, Defendant has not shown that he has exhausted all other means of access to those documents and in any event, as previously stated, once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. It does not appear that Defendant's motion falls within any of the authorized exceptions.

Therefore, the Court **DENIES for lack of jurisdiction** Defendant's motion to withdraw counsel and proceed *pro se* (Doc. 62), motion to proceed *in forma pauperis* (Doc. 63), and motion to receive sentencing memorandum, plea

---

[2] The Court further notes that the transcripts Defendant seeks have not been prepared and Stewarts, in any event, has not demonstrated that he needs the transcripts for a pending non-frivolous action pursuant to **28 U.S.C. § 753(f)**. Although Stewarts claims he will be filing a § 2255 petition in the future, he has not done so yet nor does he specify the claims he intends to raise in his § 2255 motion. Stewarts must first file the 2255 action in order to obtain preparation of transcripts under § 753(f). ***United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998) (collecting cases)**. Stewarts is therefore not eligible for transcripts under § 753(f). The Court is unable to determine that his expected action has any possible merit.

agreement, and sentencing transcripts (Doc. 64).

**IT IS SO ORDERED.**

Signed this 28th day of September, 2009.

/s/      David R Herndon

**Chief Judge
United States District Court**