IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVON STEWARTS,

Defendant.                                                  No. 08-30129-DRH

**ORDER**

**HERNDON, Chief Judge:**

On January 15, 2009, Devon Stewarts pled guilty to the charges of conspiracy to distribute cocaine and marijuana (Count 1) and distribution of cocaine (Count 2) (Doc. 48). Stewarts was sentence to 121 months imprisonment on each count to run concurrently, on May 1, 2009 (Docs. 57 & 60).

On April 29, 2010, Stewarts wrote to the undersigned seeking an extension of time to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 which was docketed on April 30, 2010 as a motion for extension of time to file a pro se 2255 (Doc. 66). The United States has not responded to the motion.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, added a one-year statute of limitations for commencing

collateral attacks.  **See** **28 U.S.C. § 2255 ¶6**.  The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The statute does not provide for extensions of time.

While the Seventh Circuit has yet to address the issue, the general consensus among the Courts is that a pre-filing "extension of time" is unavailable. **See United States v. Cooper, No. 98-CR-580, 1997 WL 754170 (N.D.Ill. Nov. 21, 1997), rev'd on other grounds in part and appeal dismissed in part, 182 F.3d 923 (Table, Text in Westlaw, No. 9801136, 98-1324, 1999 WL 515255 (7th Cir. July 6, 1999)); see also United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000)(district court lacks jurisdiction to review timeliness of 2255 petition until it is filed)(per curiam); Lee v. United States of America, No. 08-10039-001, 2010 WL 971814 (C.D. Ill. March 12, 2010); In re Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (In denying a motion for extension of the time the court reasoned that the defendant's criminal case had ended and he**

**had not yet filed his § 2255 petition so there was no action pending before the Court and Congress had not authorized the court to entertain such an application as presented by Defendant).** While it does not constitute binding precedent, this Court agrees with the thoughtful analysis set forth in these cases and finds that the Court lacks jurisdiction in regards to Stewart's motion for extension of time.

Further, while the Seventh Circuit has contemplated an equitable tolling provision which would allow a Court to accept a belatedly filed petition, the Court notes that Stewart has yet to file his petition so the Court can not determine if his late filing is acceptable. The Court notes that equitable tolling is an extraordinary remedy which is used only sparingly and "excuses an untimely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." ***Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)**. However, Stewarts has neither filed a petition nor stated his reasons for his inability to file a timely petition. Thus, the Court is unable to determine at this time whether equitable tolling is available in this case. If or when Defendant actually files a motion under § 2255, this Court may consider any argument that he presents that his motion should be considered timely. Until then, this Court lacks jurisdiction to consider the matter.

Accordingly, the motion for extension of time to file a motion under § 2255 (Doc. 66) is **DENIED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2010.

/s/   David R Herndon

**Chief Judge**
**United States District Court**